


U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RCH:PP
F. #2019R01050

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 6, 2022

By ECF

The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Eric Paulino
      Criminal Docket 19-434 (AMD)

Dear Judge Donnelly:

  The government respectfully submits this letter in anticipation of the defendant's sentencing on January 13, 2022. On October 20, 2020, the defendant pled guilty to receipt of child pornography, in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1). For the reasons set forth below, the government respectfully submits that a sentence of 97 to 121 months' imprisonment, the advisory United States Sentencing Guidelines ("Guidelines or "U.S.S.G.") range contemplated in the parties' plea agreement, is appropriate in this case.

I.  Background

  As set forth in the Presentence Investigation Report ("PSR"), Federal Bureau of Investigation ("FBI") agents discovered that Venmo user "e_emanuel" made payments to an individual selling child pornography. Subsequent investigation of the Venmo account yielded the defendant's IP address, name, and address. On August 27, 2019, agents executed a search warrant of the defendant's residence in Queens, New York. PSR ¶ 8. During the search, the defendant voluntarily agreed to speak to law enforcement agents and provided the passwords to his iPhone, laptop, and Apple iTunes account. The defendant admitted that he had received links containing images and videos of child pornography and that he had paid individuals $45 to send him these materials. Id. The defendant also told agents that he had been viewing child pornography for over a year. PSR ¶ 9. Law enforcement then arrested the defendant and he was charged by complaint.

  On September 24, 2019, a grand jury sitting in the Eastern District of New York returned an indictment charging the defendant with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) and access with intent to view child pornography, in violation

of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). On October 20, 2020, the defendant pled guilty to Count One, charging him with receipt of child pornography.

II.     Sentencing Guidelines

The government agrees with the Guidelines calculation set forth in the PSR, and submits that this Guidelines calculation should be applied:

| | |
|---|---:|
| Base Offense Level (§ 2G2.2(a)(2)) | 22 |
| Plus: Material Involves a Prepubescent Minor (§ 2G2.2(b)(2)) | +2 |
| Plus: Knowingly Engaged in Distribution (§ 2G2.2(b)(3)(F)) | +2 |
| Plus: Use of a Computer (§ 2G2.2(b)(6)) | +2 |
| Plus: Offense Involved More than 600 Images (§ 2G2.2(b)(7)) | +5 |
| Plus: Sadistic or Masochistic Content (§ 2G2.2(b)(4)) | +4 |
| Minus: Acceptance of Responsibility (§ 3E1.1) | -3 |
| Total: | **34** |

The total Offense Level for the sole count of the Indictment is 34, which, with a Criminal History Category of I, carries a Guidelines range of 151 to 188 months' imprisonment. This calculation differs from the government's initial estimate as set forth in the plea agreement, which erroneously did not include the four-point enhancement for sadistic or masochistic content, resulting in a total offense level of 30 and a Guidelines range of 97 to 121 months' imprisonment. The government acknowledges that the Probation Department's Guidelines Calculation is correct but will nevertheless abide by its estimate in the plea agreement for the reasons set forth below. The defendant is subject to a five-year mandatory minimum sentence of incarceration.

III.    Argument

The government respectfully submits that a sentence within the range of 97 to 121 months' imprisonment is appropriate in this case. The sentencing factors articulated in 18 U.S.C. § 3553(a) underscore the need for a significant sentence of incarceration. As an initial matter, the "nature and circumstances of the offense," receipt of child pornography, is serious. The defendant not only shared and received links to child pornography but purchased it as well. During one conversation, the defendant asked "how young" the children in the videos he wanted to purchase were, indicating he specifically sought out pictures and videos of horrific abuse of vulnerable toddlers.

The government acknowledges the defendant's mental health struggles and other difficulties as set forth in more detail in the PSR, his familial support and that this is his first

offense. A sentence of 97 to 121 months' imprisonment, which is below the applicable Guidelines range as calculated by the Probation Department but is still a significant term of imprisonment, is appropriate in this case to reflect the seriousness of the offense and to provide both specific and general deterrence.

In addition, the defendant is subject to the mandatory restitution provisions of the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018. The defendant has stipulated in his plea agreement to restitution to the victims of all of his criminal activity. PSR ¶ 13. To date, restitution requests have been received from some, but not all of the known victims identified in the instant offense. The current requests total $30,000. PSR ¶ 96. Simultaneous with this submission, the government is filing a submission under seal regarding restitution, including restitution requests from the victims of the defendant's offense.

IV.     Conclusion

For the foregoing reasons, the government respectfully requests that the Court impose a sentence of 97 to 121 months' imprisonment.

Respectfully submitted,

BREON PEACE
United States Attorney

By:     /s/ Philip Pilmar
Philip Pilmar
Assistant U.S. Attorney
(718) 254-6106

cc:   Clerk of the Court (AMD) (by ECF)
      Mehdi Essmidi, Esq. (by ECF)
      Lisa Langone, United States Probation Officer (by Email)